FILED

Aug 08 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RESHMA KAMATH,                          | Case No.: 23CV06494-GPC |
|---|---|
| Plaintiff,                              | **ORDER DENYING PLAINTIFF'S "DEMAND TO REINSTATE THE CASE"** |
| v.                                      | |
| WILLIAM ALSUP, et al.,                  | |
| Defendants.                             | **[Dkt. No. 21.]** |

Before the Court is Plaintiff Reshma Kamath's "Demand to Reinstate the case for Curriel's (sic) failure to issue summons and Curriel's (sic) mismanagement of the case." (Dkt. No. 21.)

**Procedural Background**

On December 17, 2023, Plaintiff Reshma Kamath, an attorney proceeding pro se, filed a 42 U.S.C. § 1983 complaint and other related state law claims against judicial officers and court staff in the District Court for the Northern District of California. (Dkt. No. 1, Compl.) Without having filed a proposed summons or served the complaint on the defendants, over four months later, on April 30, 2024, Plaintiff filed an amended complaint. (Dkt. No. 17, Am. Compl.) This case was assigned to the undersigned judge on May 7, 2024 pursuant to an order by the Ninth Circuit Chief Judge under the authority of 28 U.S.C. § 292(b). (Dkt. Nos. 18, 19.)

Because Plaintiff had not filed a proposed summons on the amended complaint, on June 14, 2024, the Court directed "Plaintiff to request a summons from the Clerk of Court and serve Defendants with the complaint and summons as well as the supplementary material required by N.D. Cal. Civil Local Rule 4-2 by July 29, 2024 or the Court will dismiss the action without prejudice" pursuant to Federal Rule of Civil Procedure ("Rule") 4(m).  (Dkt. No. 19.)  Plaintiff did not respond or object to the Court's order and to date, no proposed summons or proofs of service of the complaint and summons were filed.  Relying on its order, on August 2, 2024, the Court dismissed the action for failing to serve and for failing to comply with a court order.  (Dkt. No. 20.)

On the same day, Plaintiff filed the instant "demand to reinstate the case for Curriel's (sic) failure to issue summons and Curriel's (sic) mismanagement of the case" claiming that the Court failed to issue the summons and the undersigned has no authority to preside over this case.  (Dkt. No. 21.)

**Discussion**

**A.     "Demand to Re-Instate"**

In a recent decision, the Ninth Circuit held that a licensed, practicing attorney should not be afforded liberal pleading construction that are afforded to pro se litigants. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023) ("There is a good reason that we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation . . . That logic does not apply to practicing attorneys, nor should the grace extend to them.").  In this case, Plaintiff is a licensed, practicing attorney, (Dkt. No. 17, FAC ¶ 10); therefore, her "demand to reinstate" will not be liberally construed.

As a threshold matter, Plaintiff has not provided legal authority to vacate or set aside the dismissal of the case, only blaming the Court and demanding it should "re-open and re-instate this case." (*See* Dkt. No. 21.)  On that basis, the Court DENIES Plaintiff's motion to "reinstate the case."

To the extent that Plaintiff's arguments are based on a misunderstanding of the current state of the case and an incorrect understanding of the undersigned judge's authority to preside over the case, the Court considers them.

First, Plaintiff argues that the undersigned judge has no authority or jurisdiction to preside over a case in the Northern District of California. (Dkt. No. 21 at 4.[1]) She is incorrect.

Here, Ninth Circuit Chief Judge Mary H. Murgia assigned this case to the undersigned judge on May 7, 2024 pursuant to 28 U.S.C. § 292(b). That section provides that "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b). Therefore, pursuant to the Chief Judge's assignment, the undersigned judge has statutory authority to preside over this case.

Next, Plaintiff contends that the Court erred and failed to direct the Clerk of Court to issue summons from the District Court for the Southern District of California rather than summons being issued from the Northern District of California. (Dkt. No. 21 at 1, 3.) Again, Plaintiff is mistaken. While the undersigned is a District Judge in the Southern District of California, the reassignment order states that the undersigned would "perform the duties of United States District Judge for the Northern District of California beginning on May 7, 2024." (Dkt. No. 18.) There is no transfer order of this case to the Southern District of California or any indication that the summons rules of the Southern District of California apply to this case. Further, to the extent that Plaintiff was confused, she did not object to or respond to the Court's order of June 14, 2024 directing "Plaintiff to request a summons from the Clerk of Court and serve Defendants with the complaint and summons . . . ." (Dkt. No. 19.)

---

[1] Page numbers are based on the CM/ECF pagination.

Because this is a case in the Northern District of California, this district's summons procedures apply. It does not appear that Plaintiff disagrees that in the Northern District of California, she must obtain the summons from the Clerk's Office or from the Court's website, fill out the summons, and then file a proposed summons with the Clerk's Office to be signed, sealed and issued. To the extent she may disagree, any disagreement would be disingenuous as Plaintiff has filed a number of complaints and proposed summons in this district. (*See e.g.*, Case No. 23cv3531 and Case No. 23cv3533.) Moreover, resources on the Northern District of California's website provides guidance. For example, the Pro Se Handbook entitled, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants" explains that the plaintiff "must first get a summons from the Court" either from the Clerk's Office or on the Court's website. *See* Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, http://www.cand.uscourts.gov/prosehandbook. In addition, the Guide to E-Filing New Civil Cases explains that once a new case is filed, the plaintiff must "submit a proposed summons to the court in CM/ECF." *See* https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/opening-a-new-civil-case/.

Plaintiff provides no relevant legal authority to support her claim that it is the Court's responsibility to direct the Clerk of Court to provide a summons to her or that it erred in not providing it to her. Instead, in the Northern District of California, Plaintiff must obtain a summons from the Clerk's Office or download it from the court's website and then file a proposed summons to the Clerk's Office for signing, sealing and issuance. Plaintiff has implicitly acknowledged she has failed to comply with this district's summons procedure by claiming the Court failed to provide her with a summons.

**B.  Standards of Professional Conduct**

Finally, the Court is troubled by Plaintiff's inappropriate and inflammatory language against judicial officers and court staff. As a practicing, licensed attorney in the Northern District of California, Plaintiff must comply with the California Rules of

1  Professional Conduct as well as the Northern District of California's Standards of
2  Professional Conduct.
3  California Rules of Professional Conduct provides that "[a] lawyer shall not make
4  a statement of fact that the lawyer knows to be false or with reckless disregard as to its
5  truth or falsity concerning the qualifications or integrity of a judge or judicial officer, or
6  of a candidate for election or appointment to judicial office."  Cal. Rules Prof. Conduct
7  8.2(a); *see also* Cal. Bus. & Prof. Code § 6068(b) ("It is the duty of an attorney to do all
8  of the following: . . . (b) To maintain the respect due to the courts of justice and judicial
9  officers.").  In addition, the Standards of Professional Conduct in the Northern District of
10 California requires that each attorney, "(1) Be familiar and comply with the standards of
11 professional conduct required of members of the State Bar of California; (2) Comply with
12 the Local Rules of this Court; (3) Maintain respect due to courts of justice and judicial
13 officers; [and] (4) Practice with the honesty, care, and decorum required for the fair and
14 efficient administration of justice; . . ." N.D. Cal. Civ. L.R. 11.4(a).
15 Here, Plaintiff makes a number of inflammatory statements without any factual
16 bases, including "Curriel (sic) failed and his failure to abide by a law is misogynistic
17 racism" and "Curriel's (sic) misogynistic racism and his racist staff have demonstrated
18 the reasons why the United States of America is in such mayhem."  (Dkt. No. 21 at 2. 5.)
19 These unfounded accusations against a judicial officer and staff are contrary to her duty
20 of respect and honesty, and are based on nothing more than an adverse ruling in her case.
21 Accordingly, Plaintiff is admonished to comply with her duty to maintain respect to
22 judicial officers and not engage in accusations without any factual basis.

### Conclusion

24 Based on the above, the Court DENIES Plaintiff's "demand to re-instate the case"
25 for failing to provide legal authority to support her request to vacate an order of
26 dismissal.  If Plaintiff seeks to vacate or set aside the dismissal order, she must file the
27 appropriate motion with legal authority no later than 20 days from the date of this Order.
28 If Plaintiff does not file a motion within 20 days, the Court will dismiss the action with

prejudice. The Court also declines to address Plaintiff's letter filed on August 3, 2024 because letters and other correspondence to the court are not permitted. Plaintiff may only raise issues by motions and pleadings authorized by the Federal Rules of Civil Procedures and this district's local rules.

IT IS SO ORDERED.

Dated: August 8, 2024

Hon. Gonzalo P. Curiel
United States District Judge