UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM ALSUP, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 23CV06494-GPC<br><br>**ORDER DISMISSING CIVIL ACTION WITH PREJUDICE** |

　　　On December 17, 2023, Plaintiff Reshma Kamath, an attorney proceeding pro se, filed a 42 U.S.C. § 1983 complaint and other related state law claims against judicial officers and court staff in the District Court for the Northern District of California. (Dkt. No. 1, Compl.) Without having filed a proposed summons or served the complaint on the defendants, over four months later, on April 30, 2024, Plaintiff filed an amended complaint. (Dkt. No. 17, Am. Compl.) This case was assigned to the undersigned judge on May 7, 2024 pursuant to an order by the Ninth Circuit Chief Judge under the authority of 28 U.S.C. § 292(b). (Dkt. Nos. 18, 19.)

　　　Because Plaintiff had not filed a proposed summons on the amended complaint, on June 14, 2024, the Court directed "Plaintiff to request a summons from the Clerk of Court and serve Defendants with the complaint and summons as well as the supplementary material required by N.D. Cal. Civil Local Rule 4-2 by July 29, 2024 or the Court will dismiss the action without prejudice" pursuant to Federal Rule of Civil Procedure 4(m).

1

(Dkt. No. 19.) Plaintiff did not respond or object to the Court's order and to date, no proposed summons or proofs of service of the complaint and summons have been filed. Relying on its order, on August 2, 2024, the Court dismissed the action for failing to serve and for failing to comply with a court order. (Dkt. No. 20.) On the same day, Plaintiff filed a "demand to reinstate the case for Curriel's (sic) failure to issue summons and Curriel's (sic) mismanagement of the case" claiming that the Court failed to issue the summons and the undersigned had no authority to preside over this case. (Dkt. No. 21.) On August 8, 2024, the Court denied Plaintiff's motion to reinstate and provided guidance as to her misunderstanding of the state of the case and granted her leave to file an appropriate motion to vacate or set aside the dismissal of this case within 20 days of the Court's order, or it would dismiss the action with prejudice. (Dkt. No. 23.) On August 10, 2024, instead of filing a motion to vacate or set aside the dismissal, Plaintiff filed another baseless, inflammatory letter to the Court. (Dkt. No. 24.) Because Plaintiff has failed to file a motion to vacate or set aside the dismissal, the Court DISMISSES this civil action in its entirety without further leave to amend.

**IT IS SO ORDERED.**

Dated: August 29, 2024

Hon. Gonzalo P. Curiel
United States District Judge